UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA BREWER,<br><br>             Plaintiff,<br><br>    v.<br><br>LOANCARE, LLC, et al.,<br><br>             Defendants. | No. 2:25-cv-01157-DC-CSK (PS)<br><br>ORDER DENYING PLAINTIFF'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 7) |

This matter is before the court on *pro se* Plaintiff Regina Brewer's *ex parte* motion for a temporary restraining order. The court did not find it appropriate to set the motion for a hearing pursuant to Local Rule 231(c). For the reasons explained below, the court will deny Plaintiff's motion.

**BACKGROUND**

On February 3, 2025, Plaintiff filed a complaint in Sacramento County Superior Court against Defendants Loancare, LLC and Lakeview Loan Servicing, LLC (collectively "Defendants"), alleging a single breach of contract claim. (Doc. No. 1-1.) In her complaint, Plaintiff alleges that on or about April 1, 2023, the Defendants breached an agreement by the following acts: "Lost Power of Attorney and did not put Power of attorney verbiage on Loan Modification Documents, but continually instructed me to do so, then would deny modification." (*Id*. at 3.) Plaintiff further appears to allege that on or about February 13, 2025, ten days before

1

1   she filed her complaint in Sacramento County Superior Court, she entered into a written real
2   estate purchase contract with Defendants. (*Id*.)

3     On April 21, 2025, Defendants filed a notice of removal of this action, asserting this
4   federal court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(a). (Doc. No. 1).
5   On April 28, 2025, Defendants filed a motion to dismiss Plaintiff's complaint, and that motion
6   remains pending. (Doc. No. 4.) Defendants erroneously noticed their motion to dismiss for
7   hearing on June 10, 2025, at 10:00 a.m. at Robert E. Coyle United States Courthouse, 2500
8   Tulare Street, Fresno, California.[1] (*Id*. at 1.)

9     On May 12, 2025, Plaintiff filed the pending *ex parte* motion for a temporary restraining
10  order to enjoin Defendants from proceeding with the May 13, 2025 foreclosure of her home at
11  9912 Macabee Lane, Elk Grove, California 95757. (Doc. No. 7.) In her motion, Plaintiff asserts
12  Defendants stated erroneous information in their motion to dismiss. (*Id*.) Specifically, Plaintiff
13  asserts the proper jurisdiction for a motion hearing is in Sacramento County, where her home is
14  located, not in Fresno. (*Id*.) Plaintiff also contends that Defendants "are using deceptive and
15  misleading practices to obtain [her] home instead of mediation or finding a mutual resolution for
16  everyone." (*Id*.)

## LEGAL STANDARD

18    The purpose of a temporary restraining order is to preserve the status quo and to prevent
19  irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose*
20  *Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974). The standard governing the issuing
21  of a temporary restraining order is "substantially identical" to the standard for issuing a
22  preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7
23  (9th Cir. 2001). To obtain either form of injunctive relief, the moving party must show: (1) a
24  likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the
25  absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party;

---

[1] Defendants should have noticed their motion to dismiss before the assigned Magistrate Judge Chi Soo Kim in Courtroom 25 at Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, California 95814.

2

and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Courts within the Ninth Circuit may also consider a request for a temporary restraining order using a "sliding scale" approach in which "a stronger showing of one element may offset a weaker showing of another." *Id.* at 1131–35. "[W]hen plaintiffs establish that the balance of hardships tips sharply in their favor, there is a likelihood of irreparable injury, and the injunction is in the public interest, they need only show 'serious questions' on the merits." *Where Do We Go Berkeley v. Cal. Dep't of Transp.*, 32 F.4th 852, 859 (9th Cir. 2022) (citing *All. for the Wild Rockies*, 632 F.3d at 1135). Nevertheless, injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

The Eastern District of California's Local Rules impose specific requirements on those who request a temporary restraining order. Local Rule 231 requires "actual notice to the affected party and/or counsel" except in "the most extraordinary of circumstances." L.R. 231(a). "Appropriate notice would inform the affected party and/or counsel of the intention to seek a temporary restraining order, the date and time for hearing to be requested of the [c]ourt, and the nature of the relief to be requested." *Id*. Under Federal Rule of Civil Procedure 65(b)(1), a court may issue a temporary restraining order without written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Further, Local Rule 231 requires the court to consider "whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order." L.R. 231(b). If the court finds that there was undue delay in seeking injunctive relief, the court may deny the requested temporary restraining order on those grounds alone. *Id.*

3

**ANALYSIS**

The court is unable to grant the relief Plaintiff requests in her motion for a temporary restraining order for several reasons.

As a preliminary matter, Plaintiff has not satisfied the requirements of Federal Rule of Civil Procedure 65(b)(1) or Local Rule 231 governing applications for temporary restraining orders. Courts regularly deny temporary restraining orders where movants fail to comply with procedural requirements, including where the movants are *pro se* plaintiffs. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (discussing Federal Rule of Civil Procedure 65 and noting that "courts have recognized very few circumstances justifying the issuance of an *ex parte* [temporary restraining order]"); *Abdel-Malak v. Doe*, No. 5:20-cv-00322-CJC-KK, 2020 WL 5775818, at *1 (C.D. Cal. Feb. 20, 2020) (denying temporary restraining order sought by *pro se* plaintiff for failure to satisfy Rule 65(b)'s "strict requirements"); *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

Here, Plaintiff acknowledges in the temporary restraining order checklist that there has been "undue delay" in bringing her motion. (Doc. No. 7-1 at 1.) Plaintiff contends this undue delay occurred due to a "lack of time receiving information from [Defendants]." (*Id.*) The court finds Plaintiff's contention unavailing. Plaintiff filed her complaint against Defendants in state court over three months ago, on February 3, 2025, requesting she "not [have] to proceed forward with foreclosure." (*Id.* at 3.) Plaintiff did not seek a temporary restraining order from the Sacramento County Superior Court, despite having had two months to do so before Defendants removed this action to this federal court on April 21, 2025. (Doc. No. 1.) Following removal to this federal court, Plaintiff waited three weeks to file a motion for temporary restraining order, doing so only one day before the scheduled foreclosure. Plaintiff had multiple opportunities to seek "relief by motion for preliminary injunction at an earlier date without the necessity for seeking last minute relief by motion for temporary restraining order." L.R. 231(b); *see Wilkinson v. PHH Mortg. Corp.*, No. 2:24-cv-01416-TLN-AC, 2024 WL 2330542, at *3 (E.D. Cal. May 22, 2024) (denying plaintiffs' application for a temporary restraining order solely based on Local

1 Rule 231(b) because plaintiffs waited until four business days prior to the foreclosure sale despite
2 having ample notice of the sale); *Sewell v. Franklin Credit Mgmt. Corp.*, No. 2:24-cv-1788-TLN-
3 DB, 2024 WL 3203328, at *2 (E.D. Cal. June 27, 2024) (denying plaintiff's application for a
4 temporary restraining order for undue delay under Local Rule 231(b) where plaintiff sought relief
5 a few hours before the foreclosure sale of his property); *Fivefold Props. Dunnegan LLC v. Toorak*
6 *Cap. Partners LLC*, No. 8:24-cv-00958-SVW-JDE, 2024 WL 3009327, at *2 (C.D. Cal. May 7,
7 2024) (denying temporary restraining order for "unreasonable delay" where plaintiff waited until
8 two days prior to a foreclosure sale to seek an injunction). Thus, denial of Plaintiff's motion is
9 warranted for this reason alone.
10      In addition to this procedural deficiency, Plaintiff's motion also suffers from substantive
11 deficiencies. A breach of contact claim under California law requires the following elements: (1)
12 the existence of a contract; (2) the plaintiff's performance; (3) the defendant's breach of the
13 contract; and (4) damages flowing from the breach. *CDF Firefighters v. Maldonado*, 158 Cal.
14 App. 4th 1226, 1239 (2008). In her complaint and motion, Plaintiff fails to plead sufficient facts
15 to show the existence of a contract with Defendants and that Defendants breached said contract.
16 (*See* Doc. Nos. 1-1 at 3; 7.) For example, Plaintiff fails to allege facts showing the essential terms
17 of the contract she has with Defendants beyond the conclusory statement it is a "Real Estate
18 Purchase Contract." (Doc. No. 1-1 at 3.) As such, Plaintiff has not shown a likelihood of success
19 on the merits as is required to obtain injunctive relief. *See Winter*, 555 U.S. at 20. "Because the
20 first factor 'is a threshold inquiry and is the most important factor,' a 'court need not consider the
21 other factors' if a movant fails to show a likelihood of success on the merits." *Avila v. Newrez,*
22 *LLC*, No. 24-cv-2264-TLN-CSK, 2024 WL 4664423, at *2 (E.D. Cal. Nov. 4, 2024) (quoting
23 *Barid v. Bonta*, 81 F. 4th 1036, 1040 (9th Cir. 2023)). Therefore, the court will deny Plaintiff's
24 motion for temporary restraining order.

25                                **CONCLUSION**
26      For the reasons explained above,
27      1.      Plaintiff's *ex parte* motion for a temporary restraining order (Doc. No. 7) is
28              DENIED; and

2. This matter is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **May 13, 2025**

Dena Coggins
United States District Judge

6