UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA BREWER,<br><br>              Plaintiff,<br><br>      v.<br><br>LOANCARE, LLC, et al.<br><br>              Defendants. | Case No. 2:25-cv-01157-DC-CSK<br><br>ORDER DENYING PLAINTIFF'S SECOND EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER<br><br>(ECF No. 10) |

Plaintiff Regina Brewer, who is proceeding pro se, filed a second ex parte Motion for Temporary Restraining Order ("TRO").[1] Pl. TRO No. 2 (ECF No. 10.) Defendants Loancare, LLC and Lakeview Loan Servicing, LLC have filed an opposition. (ECF No. 12.) Pursuant to Local Rules 230(g) and 231(c), the motion is submitted upon the record and the briefs. For the reasons that follow, the Court DENIES Plaintiffs' second ex parte TRO motion without prejudice as moot.

Plaintiff initiated this action in Sacramento County Superior Court against Defendants alleging a single breach of contract claim. *See* Compl. (ECF No. 1.) On April 21, 2025, Defendants removed this action to federal court on the basis of diversity

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c). This matter was also referred to the undersigned by the district judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(a). (ECF No. 11.)

1

jurisdiction. (ECF No. 4.) On April 28, 2025, Defendants filed a motion to dismiss that is currently pending before the undersigned. (ECF Nos. 4, 9.) On May 12, 2025, Plaintiff filed an ex parte motion for a temporary restraining order to enjoin Defendants from proceeding with the foreclosure of her home at 9912 Macabee Lane, Elk Grove, California 95757 ("subject property"). (ECF No. 7.) This motion was denied as deficient for failure to satisfy the requirements of Federal Rules of Civil Procedure 65 and Local Rule 231 governing applications for temporary restraining orders and for failure to establish a likelihood of success on the merits as required to obtain injunctive relief under *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). 5/14/2025 Order at 4-5 (ECF No. 8). On June 9, 2025, Plaintiff filed a second TRO motion, again, seeking to stop the foreclosure sale. Pl. TRO No. 2 at 2-3. Defendants' opposition states "the trustee conducted and completed a foreclosure sale of the subject property" on June 10, 2025, and argues the second TRO is therefore moot. Defs. Opp'n at 1-2 (ECF No. 12).

      The Court agrees the foreclosure sale of the subject property moots Plaintiff's second TRO. The Court further notes deficiencies in the second TRO, similar to the first TRO, that would have warranted denial of the motion. First, the second TRO fails to address the deficiencies identified in the May 14, 2025 Order. *Compare* Pl. TRO No. 2, *with* 5/14/2025 Order. Second, Plaintiff did not provide a timeframe or a date that the foreclosure sale was set to take place and therefore did not establish an immediate and irreparable injury that will result. *See* Fed. R. Civ. P. 65(b)(1)(B). Finally, the second TRO is not signed by Plaintiff, which is improper. Federal Rule of Civil Procedure 11(a) requires that if a party is not represented by an attorney, "[e]very pleading, written motion, and other paper must be signed" by the party personally. In addition, the "paper must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a); *see also* E.D. Cal. Local Rule 183(b) ("A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address."). Plaintiff is instructed that while she remains unrepresented, she must personally sign every pleading, motion, and other paper she submits to the Court and she must include her

address, e-mail address, and telephone number on every pleading, motion, and other paper she submits to the Court.

Based upon the above, the Court ORDERS that Plaintiffs' second ex parte Motion for Temporary Restraining Order (ECF No. 10) is DENIED without prejudice as moot.

Dated:  July 21, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4/brew1157.25.tro2

3