UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA BREWER,<br><br>        Plaintiff,<br><br>    v.<br><br>LOANCARE, LLC,<br><br>        Defendant. | Case No. 2:25-cv-01157-DC-CSK<br><br>FINDINGS AND RECOMMENDATIONS ON DEFENDANT'S MOTION TO DISMISS AND SUA SPONTE DISMISSAL FOR FAILURE TO PROSECUTE<br><br>(ECF No. 4) |

Plaintiff Regina Brewer, proceeding without the aid of counsel, filed this action in Sacramento County Superior Court on February 3, 2025.[1] Compl. (ECF No. 1-1). On April 21, 2025, Defendants Loancare, LLC and Lakeview Loan Servicing, LLC removed this action to this Court. Removal (ECF No. 1). On April 28, 2025, Defendants filed the pending motion to dismiss and noticed it for a hearing for June 10, 2025. Defs. Mot. (ECF No. 4). On April 30, 2025, the Court issued an order directing Defendants to file a proof of service because the motion documents did not indicate whether and when Plaintiff was served with the motion. 4/30/2025 Order (ECF No. 5). The Court also notified the parties that Plaintiff's opposition or statement of non-opposition shall be filed within fourteen (14) days from the date of Defendants' service of the motion and the

---

[1] This action proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and E.D. Cal. Local Rule 302(c)(21).

reply brief from Defendants, if any, was due ten (10) days thereafter. *Id.* On May 3, 2025, Defendants filed a proof of service of the motion to dismiss indicating Plaintiff had been served on May 2, 2025, making Plaintiff's opposition or statement of non-opposition due May 16, 2025. *See* ECF No. 6. Plaintiff did not file an opposition or statement of non-opposition to the motion. *See* Docket. On May 23, 2025, the Court submitted the motion without appearance and without argument pursuant to Local Rule 230(c) and (g). For the reasons that follow, the Court recommends this action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and Defendants' motion to dismiss (ECF No. 4) be DENIED as moot.

I.  **LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 41, a court may dismiss an action for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure, the court's local rules, or any order of the court. Fed. R. Civ. P. 41(b); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (approving dismissal under Rule 41(b) for a party's failure to follow the district court's local rules). This court's Local Rules are in accord. *See* E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply with the federal rules, local rules, or other applicable law may support dismissal of that party's action). The court may act on its own accord in exercising this authority. *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)).

The Ninth Circuit has found the following factors relevant in determining whether a case should be dismissed under Rule 41(b):

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket;
> (3) the risk of prejudice to the defendant(s);
> (4) the availability of less drastic alternatives; and

(5) the public policy favoring disposition of cases on their merits.

*Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).

## II.    DISCUSSION

Applying the factors for involuntary dismissal, the Court finds this action should be dismissed. *See Applied Underwriters*, 913 F.3d at 890. The first two factors weigh in favor of dismissal because the public has a strong interest in expeditious resolution of litigation, and Plaintiff has failed to take the steps necessary to move this case forward by failing to file an opposition or statement of non-opposition to the motion to dismiss. In addition, this district court in particular has a strong need and interest in managing its docket given the extremely high caseload in the Eastern District of California. While the risk of prejudice to Defendant is somewhat minimal, there is some prejudice given the impact on resources of stale litigation.

As to the fourth factor, the Court has already tried less drastic alternatives. Specifically, the Court issued an order notifying the parties of the briefing schedule on the motion to dismiss, including the deadline for Plaintiff's opposition or statement of non-opposition. 4/30/2025 Order. Aside from Plaintiff filing a motion for temporary restraining order on June 6, 2025 (ECF No. 10), which was denied without prejudice as moot on July 22, 2025 (ECF No. 13), Plaintiff has otherwise not responded to Defendants' motion and has not requested additional time to do so. *See* Docket.

Finally, as to the public policy favoring disposition of cases on their merits, that factor is outweighed here. Indeed, it is Plaintiff's own failure to prosecute the case and comply with the rules that precludes a resolution on the merits.

Therefore, after careful consideration, the Court concludes dismissal for failure to prosecute is appropriate. *See Hells Canyon,* 403 F.3d at 689 (approving court's sua sponte dismissal under Rule 41(b) for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders).

/ / /

**RECOMMENDATIONS**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's action be DISMISSED;

2. Defendant's motion to dismiss (ECF No. 4) be DENIED as moot; and

3. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: September 8, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, brew1157.25

4